IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMIEL CUETO**,

**Plaintiff,**

**v.**

**JAMES GROGAN, ROBERT HAIDA, and BONDS ROBINSON,**

**Defendants.**                                                    No. 08-0808-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court are Defendants' separate motions to dismiss (Docs. 19, 24 and 27). All three Defendants move to dismiss Cueto's cause of action arguing, *inter alia*, that his claim is barred by the statute of limitations and that he is collaterally estopped by his criminal conviction from bringing his claim. Cueto opposes the motions (Docs. 30, 31, 32, & 33). Defendants all filed replies (Docs. 34, 37 & 38). Based on the pleadings, the applicable law and the following, the Court **GRANTS** the motions.

On November 14, 2008, Amiel Cueto, pro se, filed suit against James Grogan, Robert Haida, and Bonds Robinson pursuant to 18 U.S.C. § 1962, et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Doc. 1). In essence, Cueto alleges that from 1986 until 2004, Defendants, through various acts,

conspired to frame him and that this conspiracy resulted in his federal criminal conviction and the loss of his ability to earn a living practicing law.  As to Haida, the St. Clair County, Illinois State's Attorney, Cueto alleges that Haida failed to prosecute Thomas Venezia for murder and provided false testimony in Cueto's criminal trial. As to Robinson, an agent of the Illinois Liquor Control Commission, Cueto alleges that Robinson extorted money from Illinois liquor licensees.  As to Grogan, a lawyer for the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"), Cueto alleges that Grogan conspired with then Assistant United States Attorney Miriam Miquelon and others to frame him.  Cueto seeks treble damages in the amount of $90,000,000.00; reasonable attorney's fee of 1/3 the damages and other costs of the suit.

In 1997, Cueto was convicted in the Southern District of Illinois of one count of conspiracy to defraud the United States and three counts of obstruction of justice. **United States v. Cueto, No. 96-CR-30070-DRH (S.D. Ill. September 19, 1997)(Limbaugh, J.)**.  The Seventh Circuit Court of Appeals upheld his conviction and sentence in 1998, **United States v. Cueto, 151 F.3d 620 (7th Cir. 1998)**, and the United States Supreme Court subsequently denied certiorari, **United States v. Cueto, 526 U.S. 1016 (1999)**.

Thereafter, Cueto filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 on November 11, 1999. **Cueto v. United States, 99–CV-0831-SNL (Doc. 1)**.  District Judge Stephen Limbaugh denied Cueto's petition on August 18, 2000.

***Id.* at Doc. 34**. On March 15, 2001, the Seventh Circuit denied Cueto's request for certificate of appealability. ***Id.* at Doc. 42**. On July 19, 2002, Cueto filed another petition for habeas corpus pursuant to 28 U.S.C. § 2241. ***Cueto v. Stepp*, 02-0777-JDT (Doc. 1)**. On December 15, 2005, Judge Tinder dismissed the § 2241 petition for want of jurisdiction as a successive petition barred by § 2255. ***Id.* at Docs. 114 & 115**.

In 1997, an ARDC Administrator initiated proceedings to have Cueto disbarred. ***In re Cueto*, Comm. No. 97-SH-100 (Ill. A.R.D.C. March 28, 2003)**. On August 19, 1998, the Supreme Court of Illinois suspended Cueto from the practice of law pending further order. On August 31, 2001, the ARDC Review Board rejected a first set of findings issued by the ARDC Hearing Board and remanded for further proceedings, **Comm. No. 97-SH-100 (Ill. A.R. D.C. Aug. 31, 2001)**, a decision left undisturbed by the Illinois Supreme Court, **M.R. 17763, Comm. No. 97-SH-100 (Ill. Jan. 30, 2002)**. On July 19, 2004, the ARDC Review Board adopted the ARDC Hearing Board's second set of findings and recommended Cueto's disbarment. **Comm. No. 97-SH-100 (Ill. A.R.D.C. July 19, 2004)**. On November 17, 2004, the Illinois Supreme Court adopted the ARDC Review Board's recommendation and disbarred Cueto. **M.R. 19679, Comm. No. 97-SH-100 (Ill. Nov. 17, 2004)**.

## II. Motion to Dismiss

**Rule 12(b)(6)** permits a motion to dismiss a complaint for failure to

state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed.R.Civ.P. 8(a)(2)**. Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

In 2007, the Supreme Court determined that ***Conley's*** famous "no set of facts" phrase "has earned its retirement." ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)**. According to the Supreme Court, the threshold pleading requirement of **Federal Rule of Civil Procedure 8** requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** motion to dismiss for failure to state a claim for which relief can be granted. ***Id*. at 570 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id*. at 555 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. ***Id*. at 556 ("[A] well-pleaded**

**complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'")(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(emphasis added))**.

Further, when deciding a motion to dismiss, a court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment. ***Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Gen Elec. Capital Corp v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997)**. Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper. ***Menominee*, 161 F.3d at 456**.

### III. <u>Analysis</u>

#### Statute of Limitations

First, the Court addresses Defendants' argument that Cueto's cause of action is barred by the four year statute of limitations. RICO actions are subject to a 4-year statute of limitations. ***Rotella v. Wood*, 528 U.S. 549, 552 (2000); *Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 156 (1987)**. The Supreme Court has adopted the "injury discover accrual rule" for RICO claims. ***Rotella*, 528 U.S. at 554 (the limitations period begins to run "when a plaintiff knew or should have known of his injury.")**. Furthermore, different injuries flowing from same conduct are not actionable in separate suits. ***See McCool v. Strata Oil Co.*, 972 F.2d 1452, 1465 n.10 (7th Cir. 1992)(New cause of action**

**accrues only from new wrongful conduct and new injury. New injury alone does not give rise to separate cause of action**).

Defendants argue that Cueto cannot maintain this suit because he discovered his injury more than four years prior to the filing of this action. Specifically, Defendants argue that Cueto alleges that "the injury to his business of property began when his license to practice law in the state of Illinois was suspended in August of 1998." Thus, Defendants contend that by his own admission, Cueto discovered that he was injured in August 1998, and, therefore, his RICO claim is barred. Cueto responds that his RICO claim is not barred as his RICO cause of action did not accrue until November 19, 2004 and his complaint in this case was filed on November 14, 2008, within the four year statute of limitations. Cueto contends that he could not have sued for the injury to his business or property that resulted from the revocation of his law license until that revocation took place. Cueto also contends that the suspension which started in August 1998 was the beginning of a continuing violation, and his claim was not ripe until the suspension ended with the revocation of his license. The Court rejects Cueto's argument and agrees with Defendants.

Here, the Court finds that Cueto's RICO cause of action is barred the by the 4 year statute of limitations. Cueto became aware of his injury in August 1998. Cueto's complaint alleges that the same conduct that proximately caused his suspension in 1998 also caused his disbarment in 2004. All of the predicate acts identified in Cueto's complaint occurred prior to August 1998. Cueto's alleged injury

was the same in August 1998 as it is today, - his inability to practice law and make an alleged $1,500,000.00 per year practicing law. Whether from suspension – August 1998 – or actual disbarment – November 17, 2004, Cueto's injury has been the same for more than a decade. Thus, Cueto's RICO cause of action is barred by the statute of limitations.

Assuming *arguendo* that Cueto's RICO claim is not barred by the statute of limitations, the Court turns to address Defendants' arguments regarding collateral estoppel and **Heck v. Humprhey, 512 U.S. 477 (1994)**.

**Collateral Estoppel**

Under collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." **Allen v. McCurry, 449 U.S. 90, 94 (1980)**. A federal criminal conviction may be used offensively to preclude issues in a civil proceeding in which the criminal defendant is a party. **Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co., 858 F.2d 1264, 1271 (7th Cir. 1988)**. Collateral estoppel applies based on the federal criminal proceeding if (1) the issue sought to be precluded is identical to one decided in the prior action; (2) that issue was actually litigated in the prior action; (3) the determination of the issue was essential to the final judgment in the prior action; and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the prior

action. ***Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 463 (7th Cir. 2007);** ***Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir. 1995)**.

Here, the Court finds that the elements of collateral estoppel are met and that Cueto is collaterally estopped from denying that he engaged in the behavior for which he was convicted. Obviously, Cueto was a party in his criminal case. The issue of guilt was fully litigated and decided at trial on the merits and upheld by the Seventh Circuit. In his complaint, Cueto alleges that Defendants conspired with one another to "initiate a frame-up" of him. Generally, Cueto alleges that he did nothing wrong and that Defendants framed him. The conduct for which Cueto was disbarred is the same as the conduct for which he was criminally convicted and the ARDC relied on his criminal conviction and the Seventh Circuit's affirmation of the conviction in disbarring Cueto. Thus, the Court grants Defendants' motions to dismiss based on collateral estoppel.

Lastly, the Court address Defendants' arguments regarding ***Heck v. Humphrey*, 512 U.S. 447 (1994)**.

### *Heck v. Humphrey*

In ***Heck,* 512 U.S. at 486-87**, the Supreme Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside. ***See* 512 U.S. at 486-87; *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir. 2008)**. The *Heck* court held that "a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." ***Id.* at 486-87**. The Seventh Circuit has clarified that the test under ***Heck*** bars a prisoner's § 1983 claim if his allegations are inconsistent with the validity of his conviction. ***Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)**. The theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility. ***See Id.*** Thus, if a plaintiff files suit under § 1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated in some manner. ***See Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir. 2003)**.

Here, Cueto has not pled that he has been vindicated and he cannot plead that he has been vindicated as his criminal conviction has been upheld. Therefore, Cueto's RICO suit against Defendants necessarily implies the invalidity of his criminal conviction. Thus, the Court finds that Cueto's claims against Defendants are barred by ***Heck*** and ***Okoro***.

### IV. Conclusion

Accordingly, the Court **GRANTS** Defendants' motions to dismiss (Docs. 19, 24 & 27). As Cueto's RICO cause of action is barred by the statute of limitations, the Court **DISMISSES with prejudice** Cueto's cause of action. The Court **DIRECTS**

the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 1st day of September, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**